UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OHIO STATE PLUMBERS AND
PIPEFITTERS HEALTH AND
WELFARE FUND,**

      Plaintiff,

vs.
                                    Civil Action 2:10-cv-000228
                                    Judge Gregory L. Frost
                                    Magistrate Judge E. A. Preston Deavers

**ABSOLUTE AIR, INC.,**

      Defendant.

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Default Judgment (Doc. 9). For the reasons that follow, the Court **DENIES** Plaintiff's Motion **WITHOUT PREJUDICE**.

Plaintiff's Motion for Default Judgment against Defendant, Absolute Air, Inc., fails for two reasons. First, Plaintiff has not provided the Court with sufficient proof that service was properly effected. In his affidavit, Plaintiff's Counsel, Timothy R. Piatt, states that "[a] summons and a copy of the Complaint was served upon Defendant by regular U.S. Mail in accordance with Local Rule 4.2(b) and (c) on June 16, 2010." (Mot. for Default J. at Ex. 5, Piatt Aff. ¶ 2.) Southern District of Ohio Local Civil Rule 4.2(c) permits service via regular mail after the Clerk notifies the party that the earlier attempted service of process by certified mail was refused or unclaimed. S.D. Ohio Civ. R. 4.2. The proper procedure for attempting service by ordinary mail is set forth in Local Rule 4.2(c) as follows:

> If the attorney, or serving party, after notification [that service of process via certified mail was refused or unclaimed], files with the Clerk a request for ordinary mail service, accompanied by an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in instructions to the Clerk. *The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing*. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (twenty-one (21) days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail. If the ordinary mail is returned undelivered, the Clerk shall forthwith notify the attorney or serving party, electronically or by mail.

*Id.* (emphasis added).  In the instant case, review the docket reveals that service via certified mail was attempted on May 26, 2010.  On June 10, 2010, the Clerk notified Plaintiff that the summons was returned unexecuted.  On June 16, 2010, the Clerk issued an Alias Summons as to Absolute Air, Inc.  The docket fails to reflect that the requisite certificate of mailing was effected or to otherwise suggest that the Clerk sent anything to Plaintiff via ordinary mail.  Plaintiff has not otherwise provided the Court with sufficient proof of service.  Accordingly, the Court cannot grant default judgment at this juncture.

Second, the docket fails to indicate that prior to seeking a default judgment, Plaintiff first obtained an entry of default as contemplated by Federal Rule of Civil Procedure 55(a).  An entry of default is distinct from entry of a default judgment.  *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); S.D. Ohio Civ. R. 55.1(b).  By asking only for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in Rule 55.  *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." (citation omitted)).  For this additional reason, the Court cannot enter a

default judgment under Rule 55(b) at this juncture.  *Cf. O.J. Distrib., Inc.*, 340 F.3d . at 352 (" 'Rule 55 permits the clerk to enter a default when a party fails to defend an action as required.  The court may *then* enter default judgment.' " (emphasis added)) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)).

Accordingly, the Court **DENIES** Plaintiff's Motion for Default Judgment (Doc. 9) **WITHOUT PREJUDICE**.

Further, the Court provides Plaintiff with an extension of thirty (30) days from the date of this Order to complete service of process as set forth in Federal Rule of Civil Procedure 4. Failure to do so may result in dismissal pursuant to Rule 4(m).[1]

**IT IS SO ORDERED.**

August 27, 2010                                                          /s/ *Elizabeth A. Preston Deavers*
                                                                                    Elizabeth A. Preston Deavers
                                                                                    United States Magistrate Judge

---

[1]Rule 4(m) provides in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.